and McFarland. Good morning, Richard Rome appearing for Mr. McFarland. I have co-counsel here. What I'd like to do is I'd like to address if the court would allow one sentencing issue first, and then we have a joint issue that we would be splitting time on. So if I could just get that out of the way and we won't lose that issue in the case, because it is a smaller issue. And that particular issue relates to whether the court erred in failing to give a continuance of the sentencing hearing so the defendant could determine whether the prosecution under 924C was racially flawed. The court of that claim didn't suggest that there was any racial distinction. So where's the abuse of discretion? By my math, which may or may not be precisely accurate, it looks like approximately 39% of African Americans were offered pleas, and about 36% of whites were offered pleas, which doesn't suggest that whites got a better deal just because of what you presented. So with that in front of the district court, why should the district court go further? Well, I think with respect to the math, what the attorney wanted to do, I don't think he was done with his investigation. He wanted to go back and do a further analysis on the statistics and specifically look at the public defender files, of which there were well over 200 files. So I believe that the district court raised that argument and what the lawyer said is, that might be true on the face. I want to dig a little deeper. I need to get a little more information. It might appear that there wasn't a prima facie case. I don't think the lawyer was done making his case. But Armstrong is a discovery case. So, I mean, it's, although, you know, you're arguing it's a little different, but I think it's not very different. And it is a discovery case, and it does, in fact, require a threshold showing, which just doesn't exist. That's true. I think what the lawyer wanted to do was to go back, do further investigation with respect to the public defender information that he had, and then if they had, if he had had additional data, he could have pursued discovery further with respect to the documents that he had requested from the U.S. Attorney's Office. But I think, I think he needed more time to do his own investigation. That was part of his argument. And then they probably could have, well, they could have further gotten into the discovery issue that he was also seeking at the same time. Now, we're looking at a consecutive 25 years here. The sentences in this case were pretty horrific. I think the court should have erred on the side of the defendant instead of doing the statistical analysis that he did. And basically saying there was no threshold left when the lawyer indicated, hey, I need to go back, get more data, because the way they had done the data, it was some kind of a database run where they punched in a 924C and came up with a couple hundred files. And what he indicated is that he wanted to pursue that further. And I think that aside from the discovery issue, there's also that point. Isn't that a matter of discretion with the district court at that point as to whether to allow a continuance? And on very, very sketchy stuff, say, I'm going to give you some more time? Well, I think you're correct. It is a matter of discretion. But when we're looking at the type of sentence here where the defendant got 494 months, and we're talking about a consecutive 25 years in there, I think the court should have erred on that. But the court did abuse its discretion. It's not like we're talking about an extra couple of years, a few days here or there. We're talking about a substantial part of a lifetime when you're done serving 80 percent of that. So it is a discretionary call. I just think the court could have given him, I mean, when you're doing 494 months, what's another month? He was in custody anyway. Any further questions? There's another sentencing issue. I don't have any really need to address it. I would like to make a move to the primary argument that we have in this case relating to an evidentiary ruling, kind of an interesting fact pattern, where the parties on the eve of trial pled guilty to two of the counts, which included an attempted bank robbery and a gun allegation, and then moved to exclude that from evidence with respect to the rest of the trial. And I guess the question is, is this evidence relevant once the defendant has basically acquiesced in this versus some kind of a balancing act? And if the evidence was admitted and stipulated to, then why was there a need to put this on during the trial? That's the primary question. First of all, you didn't stipulate that it could come in. So that's not an issue. Well, I think they would have agreed to allow the conviction. Well, they didn't. I don't know whether they would have or could have or should have, but they didn't have. And so they chose to plead guilty, and then to make an argument that is very clever, but I don't see where it gets you, because there was a negative impact on the remainder of the case. The parties are willing to agree that they robbed a bank. That would leave the rest of the conspiracy information to put forward. I think there's, in all evidence, particularly where you have an admission here, you have to do a certain weighing of the evidence, so that even if it was determined that it was relevant to the issue, I think you have a we do have a 404B issue. But why, if it's relevant, directly relevant to the conspiracy charge? If there weren't a conspiracy charge, but merely you robbed this bank and also you robbed that bank, I would follow your argument a lot better, but the charge was a conspiracy that encompassed both robberies. So why isn't it directly relevant to the charged crime, as distinct from 404B? Well, it is, but it's the only evidence that really, that should have been permitted, because in essence, it's two conspiracies. I know it was pleaded as a conspiracy, but in essence, what we have are two separate issues going on. But the government didn't have to follow that theory of two conspiracies. They charged one single conspiracy and had the right to put on evidence to prove that if they could. Well, I think at a certain point, though, you have to do a balancing act based on the totality of the facts and whether you're going to allow some evidence in that's already been admitted into evidence, because, I mean, look what came in here. You had an officer, the case agent, coming in and talking about all the admissions that the defendants made during the trial. You had all kinds of things that were really collateral to the thrust of the case. That issue could have been resolved. There was a couple of cases that co-counsel submitted on a subsequent letter, and I'll let her address those points. But it's part of the transaction, and it's not part of the transaction. I mean, if everything is agreed to, what's really the point of going forward, other than to prejudice the remainder of the case? Well, if they hadn't pleaded guilty at all, all of this would have come in. And so the question is, can the defendants prevent the government from proving the conspiracy by picking and choosing to plead guilty to a little piece of it? Well, I think, I don't know if I like to use the word picking and choosing, but I think that there is a certain balancing act that goes in with evidence, and you have to weigh it based on the totality of the circumstances that present itself at trial. Didn't the government have to prove that these were the same folks who robbed both banks? You mean for part of the conspiracy? Yes. Well, I think they did, and I think there was an admission that that's what happened. There were plea agreements of the other defendants that came in, and these two parties had already admitted that. And so the question is, can the defendants prevent the government from proving the conspiracy to the judge? That's correct. I mean, they pled guilty. That's true. So I think if there could have been some limiting, why put on 11 if they had acknowledged that they committed that bank robbery? Well, didn't they? Well, what's the point of the other evidence other than to paint? Tell the jury that they did. But the jury would have already known. They would have known by that, by their admission that it could have been some. Am I missing something? Can you, I may be. I've read a lot of pieces of paper. I disremember any offer by the defendants to allow their guilty plea to come into evidence, that is, their conviction of having robbed one of the banks. I can't remember if they specifically made that offer or not. I'm sure they would have been amenable to doing that. Look, should have, would have, could have. The point is, they didn't have. Well, we don't have that question. The question here is, having pled guilty, did that somehow magically preclude the government from putting on evidence that they actually did? That they actually committed that robbery? They could have, perhaps, proved it by introducing their conviction, which hadn't occurred yet, of course, but they had accepted, the plea had been accepted. Well, I think that's what the defendants were arguing, at least to limit the evidence. Well, I know they wanted to limit the evidence, but they didn't want it in at all. Unless you can tell me otherwise, counsel. I have no recollection whatsoever that they made any offer to stipulate to anything. Their entire position was, having pled guilty, now it is irrelevant and may not come in, period. I think part of their objection was at least limiting, at the very least, it would have been implied in the way that they, in the way that they pursued it, they asked for an, it was a motion to exclude evidence. Yes, I understand that. So the court at least could have granted it in part and denied it in part. So the court's supposed to make a pitch that the defendants didn't make for themselves. Well, I think that it was all on the table at the time. Would you like to give co-counsel a shot? Absolutely, I will give counsel a shot. I have a different question, though, that I want to pursue. Did not the government have to prove the identity of these people, that they were the same folks with both of the attempt and the robbery? Well, that was the 404B argument. Yes. That's correct, and perhaps I'll let co-counsel address that, because the time is running, but it's our position that those two robberies were really generic, that there weren't specific characteristics in relation to the identity of these people. So the robberies that would allow the court to have drawn that inference to that. In other words, that is an exception under 404B. I'll let co-counsel, and then if there's any time left, we'll talk again. Thank you. Good morning, Your Honors. My name is Karen Bruker. I represent Mr. Wilson. And when I was sitting there, I was thinking, I know during closing or opening statements, one of the defense counsel did tell the jury and brought out the fact that they did plead guilty to the second robbery. I don't have that with me right now, because I wasn't prepared to cite to that. Well, sure. At that point, it had already been determined that the evidence was coming in, so that doesn't get anywhere. I wanted to talk a little bit about this case, as I cited under the 28J letter. The question is, our position is that the guilty plea removed the facts of the second robbery from the jury, because under the law, a plea of guilty amidst the facts and all the factual allegations of the indictment, and that's in USA v. Parra-Cazares. Why do you have to prove everything twice? The jury could have been told that these facts were admitted to. Did they plead guilty to the conspiracy? No, they didn't. So those facts have to be proved beyond a reasonable doubt by the government in order to convict of conspiracy. Before I did any research, that was my gut reaction, and I couldn't find any cases that said that on point. I found cases that said that if a defendant pleads guilty, that the plea of guilty amidst all factual allegations of the indictment, so that led me to believe that the factual allegations under the conspiracy charge as to the second robbery were unproven. Why would you have to prove it twice, except for to inflame the jury? And then when you balance that with Old Chief v. United States, the Supreme Court case that I cited in the 28J letter, the Court discussed that. They discussed, when does the government have the right to present evidence when the defense decides to admit or to stipulate to it? And it was written by Justice Souter, and he seemed to say that it depends on the jury. You want to be able to tell a jury a continuous story. They need tangible evidence in order to convict somebody. But in this case, if you have a... Yeah. You see, the problem is that that was an unrelated incident, an unrelated conviction. And, of course, if the defendant offers to stipulate to a prior conviction or whatever, that goes to an element of the jury. If the defendant doesn't, then fine, take the stipulation. But that doesn't have... That's not this case. In this case, it was part of the offense. It was part... It was half of it. And I don't think that the jury needed... If the jury was told that they had admitted to those facts, they didn't need to hear evidence of that to be able to understand the whole story. And I think that's the idea of counsel. So isn't there... It seems to me that what you're arguing for is kind of the least invasive case in chief. In other words, if the government could make its case with three witnesses and a nice, clean, quick thing, then you're saying, well, it's... They shouldn't be allowed to put on 22 witnesses who are only going to keep talking about the same awful things. But if the... If all 22 are talking about the charged crime, what principle requires the district court... Requires, as to state from permits, the district court to cut the government's case back with respect to the charged crime? I didn't find any case law on point. That's why I went to these other cases. I researched that exact issue, and I couldn't find a case on point that the government would point it out. But I couldn't find one. And that's why I did further research and came together with the idea of those two cases. Well, I would suggest that it's because we don't require the government to put on the least invasive case or the least... The smallest number of witnesses with respect to the charged crime. That they have the option to over-try the case, if they want to, with respect to the charged crime, as to state from prior crimes or something else. But I think in Old Chief, I think the whole idea is whether or not the jury needs to hear the entire story in order to feel good about their verdict. I think that was the whole point. If the jurors were told they admitted to this, to these allegations of the conspiracy, and they are to decide to fax on the first robbery, and if they can make that decision, then you don't need all the evidence from the first robbery to tell the whole story. They're two separate events. And the last thing I just wanted to discuss is that the evidence of the second robbery was very prejudicial. It was over-emphasized during closing argument. An agent got on the stand in rebuttal and told the jurors that the defendants admitted to brandishing guns, to stealing money from the tellers from the second bank robbery. And that would have been very emotional to the jurors. If the defendants said it once, they would have done it again. So it was also extremely prejudicial to the case. And the government still could have tried to prove their case without the evidence of the second robbery. And the Court does not have any other questions. Okay, I think not. Let's hear from the government, please. Good morning, Your Honors. May it please the Court, Adam Cannon speaking for the United States. If it's all right with the Court, I'll address the evidentiary issue and yield the remainder of my time to my colleague Ms. Fishman to handle the sentencing issue. Go ahead. Your Honors, this Court has repeatedly held that evidence of a crime is not extrinsic evidence, but that it is direct evidence or inextricably intertwined evidence if it meets one of two tests. Either it is a part of the transaction that serves as the basis for the criminal charge, or it is necessary in order to permit the prosecutor to present a coherent story to the jury. In this case, the evidence at issue meets actually both of those tests. It meets the first test, that being that it serves as the basis for the charge because, as this Court has noted, count one of the indictments charged a conspiracy to rob two banks. It charged a conspiracy to rob Gizmo Beach and Atascadero. The government bore the burden of proving that. Therefore, the government by necessity had to present evidence of the Atascadero bank robbery. The defendants did not plead guilty to the conspiracy charge that remained on the table at the time the government went to trial. Therefore, the Atascadero evidence was direct evidence of the Atascadero robbery. As to the second test, that it permits the prosecutor to offer a coherent story to tell a narrative of the crime, it satisfies that test as well for several reasons. First, and I think most significantly, is that the defendants were caught not red-handed per se, but pretty close to red-handed after they committed the Atascadero bank robbery. The narrative of how these defendants were caught is, I think, impossible to give without discussing the Atascadero bank robbery that led to their immediate capture thereafter. It's their capture, their ultimate capture, that obviously leads back to their identification as the robbers in the Gizmo Beach bank. So to describe a robbery in Gizmo Beach and then never go on to describe how we arrived at finding these defendants or associating these defendants with that robbery would leave an enormous gap in the narrative. So the introduction of the Atascadero evidence was essential for that purpose. Similarly, it was also necessary for proving the identity of the Gizmo Beach bank robbers. And I bring up identity in the context of proving the conspiracy charge, not just in the context of 404B evidence. So for those two reasons, both explaining the capture and how it led back to the robbers of Gizmo and identity within the context of conspiracy, that evidence was necessary to permit the prosecution to present a coherent narrative. Therefore, it is both direct evidence and inextricably intertwined under the circuit's myriad case law. I'm not sure whether the Court wants me to address the 404B issue. I'm happy to. I don't. Do you want to hear anything? I don't think it is. Then the government would submit on the first issue with respect to the evidence, and I'd be able to balance my time to Ms. Fishman. Okay. Thank you, Ms. Fishman. Ms. Fishman. Can I please the Court? Elizabeth Fishman, also on behalf of the United States. I will be addressing the sentencing issues raised by Defendant McFarland. And I did want to state, I noticed in the reply brief of Defendant Wilson, he appeared to join in the sentencing arguments. He did not join below in the district court. He did not raise it independently in the district court, nor did he brief it in his opening brief. So it would be our position that he has not preserved his standing to raise that issue here. Be that as it may, the Defendant McFarland has raised two arguments regarding sentencing. First, the Court's failure to grant the continuance. Excuse me. Second, the failure to award him acceptance of responsibility. It's our position that the Court did not err in either of those decisions. With respect to the continuance, in order to show any kind of abuse of discretion, the Defendant would have to show, at minimum, that he was prejudiced. And here, he can't do so because the Court, once the jury convicted him of that second 924C count, was required to sentence him to the 25-year consecutive sentence. Even if he could prove his case, it appeared to be he was going to be arguing for a downward departure, and that was just not available to him. Because there was no prejudice, the Court did not abuse its discretion. Similarly, with respect to the acceptance of responsibility points, I think the law is clear here that if the Defendant does not accept responsibility for the fatality of his crimes, he did not do so here. He affirmatively denied responsibility for the Pismo Beach robbery, that he's not entitled to acceptance of responsibility points. So the Court did not err in failing to grant those acceptance of responsibility points. Unless there's any questions. I think so. Thank you. Mr. Rohn, do you have a? Okay. Thank you, counsel. The matter just argued will be submitted.
judges: B. Fletcher, Rymer, Graber